

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUN - 4 2007
JUN 4 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KIMBERLY-CLARK CORPORATION,　　　　　)
KIMBERLY-CLARK WORLDWIDE, INC.,　　 )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
MEDLINE INDUSTRIES, INC.　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　　 )

**07CV3121**
**JUDGE DARRAH**
**MAG. JUDGE KEYS**

## COMPLAINT

For its Complaint against Defendant Medline Industries, Inc. ("Medline" or
"Defendant"), Plaintiffs Kimberly-Clark Corporation ("Kimberly-Clark Corp.") and
Kimberly-Clark Worldwide, Inc. ("Kimberly-Clark Worldwide") (collectively "Kimberly-
Clark" or "Plaintiffs"), through their undersigned attorneys, allege as follows:

### Nature of Action

1.　　　This is an action for breach of contract under Illinois law; trademark
infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114(1)
and 1125(a); trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c);
violations of the Illinois Uniform Deceptive Trade Practices Act; and common law unfair
competition under Illinois law. These claims arise out of Defendant's unlawful conduct
occurring subsequent to, and in violation of, the effective date of a 2005 settlement
agreement resulting in a stipulated dismissal of the case captioned *Medline Industries, Inc.
v. Kimberly-Clark Corp.*, Case No. 04 C 6045 (N.D. Ill. 2004) (J. Darrah).

## The Parties

2.     Plaintiff Kimberly-Clark Corp. is a Delaware corporation with a place of business in Roswell, Georgia.

3.     Plaintiff Kimberly-Clark Worldwide is a Delaware corporation with a place of business located in Neenah, Wisconsin. Kimberly-Clark Worldwide is a wholly-owned subsidiary of Kimberly-Clark Corp.

4.     Kimberly-Clark is a widely recognized and highly regarded manufacturer and supplier of a wide variety of goods including various consumer and non-consumer products that are marketed and sold throughout the United States. By virtue of its acquisition of Tecnol Medical Products, Inc. ("Tecnol"), Kimberly-Clark is engaged in the manufacture and sale of disposable medical face masks.

5.     Upon information and belief, Defendant Medline Industries, Inc. is an Illinois corporation with a principal place of business located in Mundelein, Illinois. Medline is a manufacturer and distributor of health care supplies. Medline manufactures and distributes medical products including disposable medical face masks.

## Jurisdiction and Venue

6.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a). This Court has jurisdiction over Plaintiffs' related common law and state claims under 28 U.S.C. § 1338(b) and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), because Defendant is located and doing business in the district, the claims arose in this district, and a substantial part of the events giving rise to the claims occurred in this district.

2

7.     This Court has jurisdiction over Defendant based on its transaction of business within the state and/or its tortious actions in the state. Medline has engaged and continues to engage in the transaction of business and the commission of tortious acts in Illinois and in interstate commerce, and is within the jurisdiction of this Court. Medline submitted itself to, and acknowledged the jurisdiction and proper venue of, this Court for purposes of the conduct alleged in this Complaint in a settlement agreement dated 2005 ("2005 Agreement") settling the claims and counterclaims in *Medline Industries, Inc. v. Kimberly-Clark Corp.*, Case No. 04 C 6045 (N.D. Ill. 2004) (J. Darrah).

## Kimberly-Clark and Its Color Orange Trademark

8.     Kimberly-Clark, directly and through its predecessor-in-interest, Tecnol, has sold and extensively promoted disposable medical face masks in interstate commerce under its non-functional and distinctive orange color trademark ("Orange Mark") since at least as early as 1988. By reason of such sales and promotion, Kimberly-Clark's Orange Mark has become a valuable asset as a symbol of Kimberly-Clark, its quality products and its goodwill.

9.     Kimberly-Clark has taken steps to protect and enforce its Orange Mark, including obtaining federal trademark registrations in the U.S. Patent and Trademark Office as set forth below, which are owned by Kimberly-Clark Worldwide:

| Trademark | Registration No. | Issue Date |
|---|---|---|
| Orange Design | 2,215,666 | January 5, 1999 |
| Orange Design | 2,216,821 | January 12, 1999 |
| Orange Design | 2,216,822 | January 12, 1999 |

3

These registrations are valid and subsisting, and are in full force and effect. Kimberly-Clark's right to use the Orange Mark in commerce has become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065. Copies of the certificates of registration are attached as Exhibits 1 through 3. The registrations were originally issued to Tecnol Medical Products, Inc. Tecnol was subsequently acquired by Kimberly-Clark. Tecnol's interest in the trademark registrations were assigned to Kimberly Clark Worldwide who is the current owner of each of the above-listed trademark registrations. Papers reflecting this change of ownership have been filed with the U.S. Patent and Trademark Office.

10.     Kimberly-Clark's protection and enforcement of its Orange Mark also included filing counterclaims alleging trademark infringement, unfair competition, and related claims against Medline in 2004 in a case captioned *Medline Industries, Inc. v. Kimberly-Clark Corp.*, Case No. 04 C 6045 (N.D. Ill. 2004) (J. Darrah). Those counterclaims were dismissed by stipulation pursuant to the 2005 Agreement.

## Medline's Acts of Infringement, Unfair Competition, and Dilution Regarding the Orange Mark

11.     Medline markets and sells disposable medical face masks in interstate commerce and in competition with Kimberly-Clark.

12.     Notwithstanding Kimberly-Clark's established rights in its distinctive Orange Mark, and its obligations under the 2005 Agreement, Medline is using a confusingly similar orange color in connection with the promotion and sale of competing disposable medical face masks.

13.     Medline's use of an orange-colored medical face mask began subsequent to Kimberly-Clark's/Tecnol's adoption and use of its Orange Mark, and after the Orange Mark was distinctive and famous in the relevant industry.

4

14.     Medline's use of an orange color in connection with medical face masks has caused, and will continue to cause, confusion, mistake, and deception among the relevant consuming public both at the point of sale and in the post-sale context. Consumers will likely believe that Medline's goods are in some way associated with or connected with, or approved or authorized by, Kimberly-Clark, or that Medline's goods otherwise originate from the same source as do Kimberly-Clark's goods.

15.     Medline has used the color orange in connection with medical face masks not only with constructive knowledge of the federal registrations of the Orange Mark (as provided under Section 22 of the Lanham Act, 15 U.S.C. § 1072), but also with actual knowledge of Kimberly-Clark's distinctive and famous Orange Mark.

### The Parties' Prior Litigation involving the Orange Mark

16.     On or about September 16, 2004, Medline filed an action against Kimberly-Clark Corp. in the Northern District of Illinois, Eastern Division, in a case captioned *Medline Industries, Inc. v. Kimberly-Clark Corporation*, Civil Action No. 04-C-6045 and presided over by Judge John W. Darrah. In this action, Medline alleged that Kimberly-Clark Corp. had made false and misleading representations about a product unrelated to this Complaint. On or about October 21, 2004, Kimberly-Clark Corp. brought counterclaims against Medline alleging, in part, that Medline's manufacture and sales of an orange-colored disposable medical face mask violated Kimberly-Clark's trademark rights in its Orange Mark.

17.     The action *Medline Industries, Inc. v. Kimberly-Clark Corporation*, Civil Action No. 04-C-6045 was dismissed with prejudice under Fed. R. Civ. P. 41(a)(1) pursuant to a stipulated request by the parties. The stipulated dismissal was entered into as

5

a settlement term pursuant to the 2005 Agreement. The 2005 Agreement, which is confidential, contains a confidentiality exception relating to Kimberly-Clark's enforcement of its Orange Mark.

18.     Paragraph 4 of the 2005 Agreement, among other things, required Medline to refrain from all manufacturing, sales, and promotion of medical face masks that are confusingly similar to or dilutive of the Kimberly-Clark Orange Mark. Paragraph 19 provides that the 2005 Agreement is worldwide in scope.

19.     Notwithstanding the 2005 Agreement, Medline has continued to violate Kimberly-Clark's trademark rights in its Orange Mark by manufacturing and, upon information and belief, selling medical face masks that are confusingly similar to and dilutive of the Kimberly-Clark Orange Mark.

20.     Upon information and belief, Medline has continued to promote various orange-colored masks on its website, including the mask at issue in the prior litigation, even after the expiration of the 2005 Agreement's phase-out dates for the accused product. Examples include its MAX X masks (Item Nos. NON27712, NON27712EL, NON27710, NON27710EL) and PROHIBIT masks (Item Nos. NON27410, NON27410Z, NON27410EL, NON27410ELZ, NON27412, NON27412EL, NON27412ELZ).

21.     Upon information and belief, Medline has offered to sell various orange-colored masks in the United States and internationally even after the expiration of the 2005 Agreement's phase-out dates for the accused product.

22.     For example, upon information and belief, Medline offered to provide its orange-colored masks (Item No. NON27712/EL) in 2007 as part of a bid for a contract in Canada with the Newfoundland Hospital System. Moreover, upon information and belief,

6

Medline has offered for sale and sold orange-colored masks in Italy (Item No.

NON27710/EL) and South Africa (Item No. NON27412). Each of these actions violates

the restrictions of the 2005 Agreement, which is worldwide in scope.

23. The 2005 Agreement remains in effect. Kimberly-Clark has not authorized

Medline's continuing use of the color orange or a confusingly similar or dilutive color. On

information and belief, Medline intended to trade and capitalize on the goodwill generated

by Kimberly-Clark's extensive and substantially exclusive use of its Orange Mark.

24. All the foregoing acts of Medline have caused and, unless restrained by this

Court, will continue to cause serious and irreparable injury for which Kimberly-Clark has

no adequate remedy at law.

## COUNT 1

## BREACH OF CONTRACT

25. As its first ground for relief, Kimberly-Clark Corp. hereby alleges breach of

contract in violation of the Illinois common law. Kimberly-Clark Corp. repeats and

realleges the allegations of paragraphs 1 through 24 above, as though fully set forth herein.

26. The 2005 Agreement entered into between Kimberly-Clark Corp. and

Medline constitutes a valid and enforceable contract which is binding upon Kimberly-Clark

Corp. and Medline.

27. Plaintiff Kimberly-Clark Corp. has complied with all of its contractual

obligations under the 2005 Agreement.

28. The 2005 Agreement executed by Medline contains an acknowledgement of

the validity of Kimberly-Clark's Orange Mark and Medline's agreement to refrain from

challenging the validity of the Orange Mark.

7

29. Paragraph 2 of the 2005 Agreement, among other things, required Medline to cease and refrain from all manufacturing, distribution, sale, and advertisement and promotion of the accused orange-colored face mask product after an identified phase-out period. Medline has not complied with this restriction. The accused product continued to be advertised and promoted on Medline's web site long after the identified phase-out period. Therefore, in failing to comply with Paragraph 2, Medline has breached the 2005 Agreement.

30. Paragraph 3 of the 2005 Agreement, among other things, required Medline to provide counsel for Kimberly-Clark Corp. with written verification that Medline performed certain contractual obligations under 2005 Agreement. Medline has not provided this written verification. Therefore, in failing to comply with Paragraph 3, Medline has breached the 2005 Agreement.

31. Paragraph 4 of the 2005 Agreement, among other things, required Medline to refrain from all manufacturing and sales of medical face masks that are confusingly similar to or dilutive of the Kimberly-Clark Orange Mark. By manufacturing and, upon information and belief, selling medical face masks that are confusingly similar to or dilutive of the Kimberly-Clark Orange Mark in violation of Paragraph 4, Medline has breached the 2005 Agreement.

32. Paragraph 4 of the 2005 Agreement, among other things, also required Medline to submit to Kimberly-Clark product samples of its proposed new color for its medical face mask no more than two months after the Effective Date. Medline has not submitted the requisite product samples within the given time frame. By failing to submit this product sample in violation of Paragraph 4, Medline has breached the 2005 Agreement.

8

33.     Medline's ongoing and continuing breaches of the 2005 Agreement are causing, and will continue to cause, serious and irreparable injury to Kimberly-Clark, for which it cannot be fully and completely compensated by monetary damages.

## COUNT II

### VIOLATION OF SECTION 32(1) OF THE LANHAM ACT

34.     As its second ground for relief, Kimberly-Clark Worldwide hereby alleges federal trademark infringement in violation of Section 32(1) of the Lanham Act. 15 U.S.C. § 1114(1). Kimberly-Clark Worldwide repeats and realleges the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

35.     The Kimberly-Clark Orange Mark is valid and enforceable worldwide, which Medline has acknowledged in Paragraph 1 of the 2005 Agreement.

36.     Medline's unauthorized use of the color orange in connection with medical face masks sold in interstate commerce is likely to cause confusion, mistake, or deception as to source, association, or sponsorship. The relevant public is likely to believe that Medline's orange-colored medical face masks originate with, are licensed by, sponsored by, connected with, or associated with Kimberly-Clark. Medline's unauthorized use of the color orange in connection with medical face masks falsely represents Medline as being legitimately connected with Kimberly-Clark, and places Kimberly-Clark's reputation beyond its own control.

37.     Medline's unauthorized and infringing use of the color orange in connection with medical face masks sold in interstate commerce constitutes intentional and willful infringement of Kimberly-Clark Worldwide's federally-registered Orange Mark in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38.     Medline's conduct is causing Kimberly-Clark Worldwide irreparable harm for which Kimberly-Clark has no adequate remedy at law.

## COUNT III

## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

39.     As its third ground for relief, Kimberly-Clark Worldwide hereby alleges federal unfair competition in violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a). Kimberly-Clark Worldwide repeats and realleges the allegations of paragraphs 1 through 38 above, as though fully set forth herein.

40.     Medline's use of the color orange in connection with medical face masks constitutes use of a false designation of origin, description and representation in interstate commerce, in violation of Kimberly-Clark Worldwide's rights in its distinctive Orange Mark. Medline's use of the color orange wrongfully and falsely designates, describes or represents Medline's goods, causing confusion, mistake and deception as to the affiliation, connection, or association of Medline's goods with Kimberly-Clark, or as to the sponsorship or approval of said goods by Kimberly-Clark.

41.     Medline's acts have occurred in interstate commerce and have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Kimberly-Clark, for which Kimberly-Clark Worldwide has no adequate remedy at law.

## COUNT IV

## VIOLATION OF SECTION 43(c) OF THE LANHAM ACT

42.     As its fourth ground for relief, Kimberly-Clark Worldwide hereby alleges federal trademark dilution in violation of Section 43(c) of the Lanham Act. 15 U.S.C.

10

§ 1125(c). Kimberly-Clark Worldwide repeats and realleges the allegations of paragraphs 1 through 41 above, as though fully set forth herein.

43.     Kimberly-Clark Worldwide's Orange Mark is famous, and Medline's use of the color orange in connection with medical face masks in interstate commerce began after Kimberly-Clark Worldwide's Orange Mark became famous, and is likely to cause dilution of the distinctive quality of the Orange Mark.

## COUNT V

### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

44.     As its fifth ground for relief, Kimberly-Clark Worldwide hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.* Kimberly-Clark Worldwide repeats and realleges the allegations of paragraphs 1 through 43 above, as though fully set forth herein.

45.     Medline's aforesaid business activities cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of Medline's goods inasmuch as they give rise to the incorrect belief that Medline's goods have some connection with Kimberly-Clark. Medline's acts constitute deceptive trade practices in the course of their business in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et. seq.*

46.     Medline's acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Kimberly-Clark, for which Kimberly-Clark has no adequate remedy at law.

## COUNT VI

### COMMON LAW UNFAIR COMPETITON

47.     As its sixth ground for relief, Kimberly-Clark Worldwide hereby alleges Illinois state common law unfair competition. Kimberly-Clark Worldwide repeats and realleges the allegations of paragraphs 1 through 46 above, as though fully set forth herein.

48.     As a result of its actions, as hereinabove pleaded, Medline has misappropriated valuable property rights of Kimberly-Clark, is trading on the goodwill symbolized by Kimberly-Clark Worldwide's Orange Mark, is likely to cause and continue to cause confusion and to deceive members of the relevant public.

49.     By virtue of its aforementioned acts, Medline has engaged in common law unfair competition with respect to Kimberly-Clark Worldwide.

50.     Medline's acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Kimberly-Clark Worldwide, for which Kimberly-Clark Worldwide has no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1.     That Medline and its respective officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, be preliminarily and permanently enjoined from:

   A.     Using, anywhere in the world, the color orange in connection with a medical face mask, or any other mark or color which is likely to cause confusion or which is likely to  causes dilution with respect to Kimberly-Clark's Orange Mark;

12

B.    Doing any other act or thing, anywhere in the world, likely to induce the mistaken belief that Medline's goods are in any way affiliated, connected, or associated with Kimberly-Clark or its goods or doing any other act or thing likely to cause confusion or dilution with respect to Kimberly-Clark's Orange Mark;

C.    Unfairly competing with Kimberly-Clark in any manner whatsoever; and

D.    Breaching the 2005 Agreement anywhere in the world.

2.    That, pursuant to 15 U.S.C. § 1118, and the 2005 Agreement, Medline be ordered to deliver up for destruction all products, including but not limited to, name plates, dies, brochures, labels, packages, wrappers, advertisements, promotions and all other matter, and all means used for production and manufacture thereof in the custody or under the control of Medline bearing an orange-colored trademark for use in connection with medical face masks anywhere in the world.

3.    That Medline be ordered to recall from all its distributors and agents, anywhere in the world, all products, including but not limited to, name plates, dies, brochures, labels, packages, wrappers, advertisements, promotions and all other matter bearing an orange-colored trademark for use in connection with medical face masks.

4.    That Plaintiffs be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

A.    All profits received by Medline from sales and revenues of any kind in connection with orange-colored medical face masks offered for sale or sold anywhere in the world after the effective date of the 2005 Agreement; and

13

B. All damages sustained by Kimberly-Clark as a result of Medline's acts of infringement, unfair competition, and dilution occurring after the effective date of the 2005 Agreement anywhere in the world, and that such damages be trebled.

5. That Medline be ordered to compensate Kimberly-Clark in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion created as a result of Medline's unlawful actions.

6. That, pursuant to 15 U.S.C. § 1116, Medline be directed to file with the Court and serve upon Kimberly-Clark within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Medline has complied with the injunction.

7. That, because of the exceptional nature of this case resulting from Medline's deliberate unlawful actions, this Court award to Kimberly-Clark all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117.

8. That Kimberly-Clark have such other and further relief as this Court may deem just.

Respectfully submitted,

Dated: June 4, 2007

Jeffery A. Handelman
Thomas M. Williams
Michelle A. Miller
BRINKS HOFER GILSON & LIONE
NBC Tower- Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611-5599

Attorneys for Plaintiffs
Kimberly-Clark Corporation and Kimberly-
Clark Worldwide, Inc.

## SUMMARY OF EXHIBITS

**Exhibit 1:**   Copy of Certificate of Registration for Reg. No. 2,215,666

**Exhibit 2:**   Copy of Certificate of Registration for Reg. No. 2,216,821

**Exhibit 3:**   Copy of Certificate of Registration for Reg. No. 2,216,822

# Exhibit 1

Int. Cl.: 10

Prior U.S. Cls.: 26, 39 and 44

## United States Patent and Trademark Office

Reg. No. 2,215,666

Registered Jan. 5, 1999

## TRADEMARK
## PRINCIPAL REGISTER



TECNOL MEDICAL PRODUCTS, INC. (DELA-
WARE CORPORATION)
7201 INDUSTRIAL PARK BOULEVARD
FORT WORTH, TX 76180

FOR: DISPOSABLE SURGICAL FACE
MASKS, IN CLASS 10 (U.S. CLS. 26, 39 AND 44).
FIRST USE 1-1-1988; IN COMMERCE
1-1-1988.
THE MARK CONSISTS OF COLOR ORANGE
AS APPLIED IN DIAGONAL BANDS TO THE

FRONT SURFACE OF THE MASK PORTION
OF THE GOODS. THE DOTTED OUTLINE OF
THE GOODS IS INTENDED TO SHOW THE
POSITION OF THE MARK AND IS NOT A
PART OF THE MARK. THE DRAWING IS
LINED FOR THE COLOR ORANGE.
SEC. 2(F).

SER. NO. 75-073,145, FILED 3-15-1996.

TOMAS V. VLCEK, EXAMINING ATTORNEY

**EXHIBIT 1**

# Exhibit 2

Int. Cl.: **10**

Prior U.S. Cls.: **26, 39 and 44**

## United States Patent and Trademark Office

Reg. No. 2,216,821
Registered Jan. 12, 1999

## TRADEMARK
### PRINCIPAL REGISTER



TECNOL MEDICAL PRODUCTS, INC. (DELA-
WARE CORPORATION)
7201 INDUSTRIAL PARK BOULEVARD
FORT WORTH, TX 76180

FOR: DISPOSABLE SURGICAL FACE
MASKS, IN CLASS 10 (U.S. CLS. 26, 39 AND 44).
FIRST USE 0-0-1988; IN COMMERCE
0-0-1988.

THE MARK CONSISTS OF THE COLOR
ORANGE AS APPLIED TO THE FRONT SUR-
FACE OF THE MASK PORTION OF THE
GOODS. THE DOTTED OUTLINE OF THE
GOODS IS INTENDED TO SHOW THE POSI-
TION OF THE MARK AND IS NOT A PART OF
THE MARK. THE DRAWING IS LINED FOR
THE COLOR ORANGE.

SEC. 2(F).

SER. NO. 75-073,442, FILED 3-15-1996.

TOMAS V. VLCEK, EXAMINING ATTORNEY

**EXHIBIT 2**

# Exhibit 3

Int. Cl.: 10

Prior U.S. Cls.: 26, 39 and 44

**United States Patent and Trademark Office**

Reg. No. 2,216,822

Registered Jan. 12, 1999

## TRADEMARK
### PRINCIPAL REGISTER



TECNOL MEDICAL PRODUCTS, INC. (DELA-
  WARE CORPORATION)
7201 INDUSTRIAL PARK BOULEVARD
FORT WORTH, TX 76180

  FOR: DISPOSABLE SURGICAL FACE
MASKS, IN CLASS 10 (U.S. CLS. 26, 39 AND 44).
  FIRST USE 12-15-1992; IN COMMERCE
12-15-1992.
  THE MARK CONSISTS OF THE COLOR
ORANGE AS APPLIED IN DIAGONAL CROS-
SHATCHING TO THE FRONT SURFACE OF
THE MASK PORTION OF THE GOODS. THE
DOTTED OUTLINE OF THE GOODS IS IN-
TENDED TO SHOW THE POSITION OF THE
MARK AND IS NOT A PART OF THE MARK.
THE DRAWING IS LINED FOR THE COLOR
ORANGE.

  SEC. 2(F).

  SER. NO. 75-073,568, FILED 3-15-1996.

TOMAS V. VLCEK, EXAMINING ATTORNEY

**EXHIBIT 3**